UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                :
In re                                           : Chapter 11
                                                :
TAVERN ON THE GREEN, L.P., et al.,              : Case No. 09-15450 (ALG)
                                                : Case No. 09-15448 (ALG)
                                    Debtors.    : (Jointly Administered)
                                                :
---------------------------------------------------------------x

### APPLICATION OF DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOCKE LORD BISSELL & LIDDELL AS SPECIAL COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 9, 2009

Tavern on the Green, L.P. ("Tavern") and LeRoy Adventures, Inc. ("LeRoy") (collectively the "Debtors"), hereby apply (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain Locke Lord Bissell and Liddell ("Locke") as special counsel to the Debtors in the above-captioned cases, pursuant to Sections 327 and 1103 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). In support of this Application, the Debtors submit the Declaration of David H.T. Kane, attached hereto as Exhibit B (the "Kane Affidavit"). In support of this Application, the Debtors respectfully represent as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Application are Sections 327 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

{NY078319;1}

## II. BACKGROUND

2. On September 9, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. Pursuant to an Order dated September 22, 2009, these cases are jointly administered.

4. On September 17, 2009, the Official Committee of Unsecured Creditors was appointed in these cases.

5. The Debtors have sought protection under Chapter 11 to preserve the assets of the Debtors and to achieve the maximum possible distribution to all of its creditors. Tavern, located in Central Park in New York City, is one the largest independently run restaurants in the United States. It has been a New York landmark since it was renovated in 1974 and began operations by Debtors in 1976. The name "Tavern On The Green" has become synonymous with New York and fine dining and has served thousands of patrons over the years. Tavern On The Green currently has over 400 employees.

6. The Debtors' financial difficulties arose in large part as a result of the overall decline in the economy. Adding to their financial distress was the City of New York's decision not to renew Tavern's existing lease, which currently expires on December 31, 2009. These Chapter 11 cases were filed to afford the Debtors the necessary time and ability to continue to honor all of its obligations to employees and patrons through the expiration of the lease at the end of the year, as well as to engage in an orderly wind-down and transition of the business past that date for the benefit of its creditors and their estates.

7. A more detailed description of the Debtors' businesses, organizational structure, capital structure, and the events leading up to the filing of these Chapter 11 cases is set forth in the Declaration of Michael Desiderio Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "Desiderio Declaration") [Docket No. 5].

### III. RETENTION OF LOCKE LORD BISSELL AND LIDDELL

8. By this Application, the Debtors seek to employ and retain Locke as special counsel, effective as of September 9, 2009, for the purpose of maintaining trademark protection for the name "Tavern on the Green" (the "Trademark").

9. The Debtors bring this Application because of the critical importance of protecting and maintaining the value of the Trademark to the administration of this case.

10. To the best of the Debtors' knowledge, Locke represents no interest adverse to the Debtors' estate in the matters upon which it is to be engaged, and its employment would be in the best interest of the estate.

11. Except as disclosed in the Kane Affidavit, Locke has no connection with the Debtors, creditors of the estate, or any other party in interest, or their respective attorneys.

#### Services to be Provided by Locke Lord Bissell and Liddell

12. Subject to this Court's approval, Locke has agreed to provide the Debtors with certain Trademark advisory services. Locke will provide assistance to the Debtors in evaluating, maintaining and fully utilizing the value of the Trademark throughout the administration of the Debtors' Chapter 11 cases. The professional services of Locke shall include, but not be limited to, the following:

  (a) advise and assist the Debtors' with analysis and monitoring of the Trademark's historical, current and projected financial value;

  (b) advise and assist the Debtors' on the measures taken to protect the Trademark and its financial value against infringement and dilution;

(c) advise and assist the Debtors in reviewing and evaluating any court motions filed or to be filed by the Debtors or any other parties-in-interest pertaining to the Trademark;

(d) render expert testimony and litigation support services, as requested from time to time by the Debtors, regarding any of the matters to which Locke is providing services or has expertise;

(e) advise the debtor on all validity and ownership matters relating to the Trademark and issues involving brands, logos, service marks, trade names and trade dress;

(f) attend meetings and court hearings as may be required in the role of advisor to the Debtors;

(g) serve as advisor, negotiate and draft agreements in the event that Debtors seek to license or sell the Trademark; and

(h) provide other services that are consistent with the Debtors' duties as may be requested from time to time and that fall within Locke's expertise.

13. The Debtors believes that Locke is well qualified to provide those advisory services and selected Locke due to their great deal of experience in matters of this character.

14. Subject to this Court's approval, Locke will seek compensation for legal services on an hourly basis in accordance with his ordinary and customary hourly rates in effect on the date services are rendered. David H.T. Kane ("Kane") will be the attorney primarily responsible for the representation of the Debtors. Kane charges $630 an hour. This rate is subject to periodic annual adjustments to reflect economic and other conditions. Kane will maintain records of any actual and necessary costs and expenses incurred in connection with the aforementioned legal services.

15. Based on the Kane Affidavit, the Debtors believe that Locke is disinterested as that term is defined in 11 U.S.C. § 101(14) and represents or holds no interest adverse to the interests of the estate with respect to the matters on which it is to be employed.

## Notice

16. No trustee or examiner has been appointed in these Chapter 11 cases. The Debtors have served notice of this Motion upon all interested parties, all parties specifically requesting notice – either by electronically or by regular mail, Counsel for the Official Committee of Unsecured Creditors, and Office of the United States Trustee. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

17. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** for the foregoing reasons, the Debtors respectfully requests that this Court enter the proposed order attached hereto as Exhibit A, approving the Debtors' employment of Locke, *nunc pro tunc*, to the Petition Date, as special counsel to the Debtors, and granting such other and further relief as is just and proper.

Dated: New York, New York
      September 30, 2009

Respectfully Submitted,

DEBTORS AND DEBTORS IN POSSESSION

By:   /s/ Michael S. Desiderio
       Michael S. Desiderio, President & COO