JEFFREY A. WURST (JW-9744)
MICHAEL S. AMATO (MA-5225)
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Attorneys for Flatiron Capital,
a division of Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
In re:                                  :
                                        : Chapter 11
                                        :
TAVERN ON THE GREEN                     : Case Nos. 09-15450 (ALG)
LIMITED PARTNERSHIP, et al.,            :           09-15448 (ALG)
                                        :
Debtors.                                : (Jointly Administered)
                                        :
-------------------------------- x

LIMITED OBJECTION OF FLATIRON CAPITAL, A DIVISION OF WELLS FARGO
BANK TO EMERGENCY MOTION BY DEBTOR FOR AN ORDER PURSUANT TO 11
U.S.C. § 364(c) FOR APPROVAL TO EXECUTE DIP FINANCE AGREEMENT WITH
SECURED CREDITOR TD BANK

TO: THE HONORABLE ALLAN L. GROPPER,
    UNITED STATES BANKRUPTCY JUDGE

INTRODUCTION

Flatiron Capital, a division of Wells Fargo Bank, N.A. ("Flatiron") as and for its limited objection ("Objection") to Debtor's emergency motion ("DIP Financing Motion") for an order pursuant to 11 U.S.C. § 364(c) for approval to execute a DIP finance agreement (the "Proposed DIP Loan") with TD Bank ("Proposed DIP Lender") respectfully states as follows.

467828

## SUMMARY OF OBJECTION

1. Flatiron objects to the Motion because: (i) the proposed interim order approving the Motion ("Proposed Interim Order") purports to grant to the Proposed DIP Lender an allowed super priority administrative claim with priority over Flatiron's administrative claim for premium payments due and owing to Flatiron, and (ii) the Debtor has failed to include post-Petition Date payments due and owing to Flatiron in its proposed budget.[1]

## PROCEDURE

2. On September 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to 11 U.S.C. §§ 1101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Since the Petition Date, the Debtor has continued in the management and operation of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

4. The United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee"). Duval & Stachenfeld, LLP represents the Committee.

## BACKGROUND

5. Prior to the Petition Date, the Debtor and Flatiron entered into that certain Premium Finance Agreement, Security Agreement, Disclosure Statement and Limited Power of Attorney, dated May 11, 2009 (the "Premium Finance Agreement"), a copy of which is annexed hereto as Exhibit "A".

6. The specific purpose of the Premium Finance Agreement was to provide premium financing for the Debtor's insurance policies (the "Insurance Policies"), providing coverage for the Debtor's business and assets. The premium payments for the Insurance Policies constitute

---

[1] The proposed budget was not attached to the DIP Financing Motion. While Flatiron's counsel was able to review a copy of the budget at the emergency hearing held on October 9, 2009 (the "Emergency Hearing"), neither Flatiron, nor its counsel ever received a final copy of the budget, despite requesting same.

"reasonable, necessary costs and expenses of preserving" the assets of the Debtor's estate, as envisioned by 11 U.S.C. § 506 (c).

7. Pursuant to ¶¶ 3 and 5 of the Premium Finance Agreement, the Debtor is obligated to make monthly payments to Flatiron in the amount of $28,567.19. (Exhibit "A", ¶ 3)

8. Pursuant to ¶ 4 of the Premium Finance Agreement, Debtor granted to Flatiron a first priority security interest in and to, *inter alia*, the Insurance Policies, all unearned premiums, return premiums, dividend payments and loss payments (the "Collateral"). (Exhibit "A", ¶ 4). As such, Flatiron is a secured creditor of the Debtor.

9. The Debtor has failed and refused to pay amounts which became due on September 1, 2009 and October 1, 2009 in the amount of $57,134.38 (the "Flatiron Administrative Claim").

10. On October 1, 2009, Flatiron filed its motion (the "Flatiron Motion") for an order granting Flatiron: (I) relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure and permitting Flatiron to enforce its rights pursuant thereto, or alternatively, pursuant to 11 U.S.C. § 361 granting Flatiron adequate protection; and (II) pursuant to 11 U.S.C. § 503(a) and (b): (i) granting Flatiron an allowed Administrative Claim plus late charges, fees and expenses and reasonable attorneys' fees and expenses, and (ii) directing immediate payment thereof.

11. The Flatiron Motion presently is returnable October 21, 2009.

## ARGUMENT

A. **Flatiron's Administrative Claim Must be Treated as *Pari Passu* with any Administrative Claim Granted to the Proposed DIP Lender**

12. As security for the Proposed DIP Loan the Debtor seeks an order granting the Proposed DIP Lender, *inter alia*, an allowed super priority administrative claim.

13. As set forth above, prior to the Debtor filing the instant DIP Financing Motion, the Amount Due became due and owing from the Debtor to Flatiron, and Flatiron filed its request for an allowed administrative claim.

14. Absent the relief requested in the DIP Financing Motion, the Proposed DIP Lender's post Petition Date claim would be treated *pari passu* with the Flatiron Administrative Claim. 11 U.S.C. § 503 (b). As such, that portion of the DIP Financing Motion that seeks to grant to the Proposed DIP Lender an allowed super priority administrative claim will prejudice Flatiron.

15. Based upon the foregoing, Flatiron objects to that portion of the DIP Financing Motion that seeks to grant to the Proposed DIP Lender an allowed super priority administrative claim with priority the Flatiron Administrative Claim.

**B.     The Debtor Has Failed to Include Flatiron in its Proposed Budget**

16. As a result of the filing of the Flatiron Motion, as well as several conversations had by the undersigned with Debtor's counsel, the Debtor is aware of its obligations to Flatiron, and the Flatiron Administrative Claim. Notwithstanding the foregoing, the Debtor has inexplicably failed to include the amounts due to Flatiron in October 2009 in its proposed budget. The first payment to Flatiron incorporated in the budget is included in the week of November 1, 2009. As of the date of this Objection, the Debtor has failed to address payment of the Flatiron Administrative Claim.

17. Flatiron respectfully submits that to the extent this Court is inclined to grant a super priority administrative claim to the Proposed DIP Lender as proposed in the DIP Financing Motion, that it direct the Debtor to cure all defaults under the Premium Finance Agreement and to provide a budget that incorporates all post-Petition Date payments due.

# CONCLUSION

**WHEREFORE**, Flatiron respectfully requests that this Court issue an order:

a. Denying that portion of the DIP Financing Motion that seeks to grant to the Proposed DIP Lender an allowed super priority administrative claim with priority over Flatiron's administrative claim for premium payments due and owing to Flatiron;

b. Directing the Debtor to provide a budget that incorporates all post Petition Date payments due; and

c. such other, further and different relief as this Court may deem just and proper.

Dated: Uniondale, New York
October 14, 2009

                                         RUSKIN MOSCOU FALTISCHEK, P.C.
                                         Attorneys for Flatiron Capital, a division of Wells Fargo Bank, N.A.

                                         By: _____
                                                   JEFFREY A. WURST (JW-0956)
                                                   MICHAEL S. AMATO (MA-5225)
                                                   East Tower, 15th Floor
                                                   1425 RXR Plaza
                                                   Uniondale, New York 11556-1425
                                                   (516) 663-6600