Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

# Locke Lord Bissell & Liddell LLP

Attorneys & Counselors

David H. T. Kane
Direct Telephone: 212-415-8507
Direct Fax: 212-303-2754
dkane@lockelord.com

November 13, 2009

**VIA ECF and Hand Delivery**

The Honorable Mariam Goldman Cedarbaum
United States District Court
Southern District of New York
500 Pearl St., Courtroom 14A
New York, New York 10007-1312

    Re:    **In Re Tavern on the Green, L.P. et al., Proceedings Nos. 1:09-cv-09224-MGC and 1:09-cv-09254-UA**

Dear Judge Cedarbaum:

We represent Debtors Tavern on the Green L.P. and LeRoy Adventures, Inc. (collectively "Debtors" or "Tavern") in the proceedings referenced above.[1] We write to advise Your Honor of the current procedural posture of the underlying bankruptcy proceedings, the time sensitive issues presented therein, and specifically, to advise that the parties have agreed to a briefing schedule and a hearing date of December 1, 2009 on Tavern's Summary Judgment Motion now pending before the Bankruptcy Court. Based on that, Tavern respectfully requests that if this Court grants the City of New York's Motion to Withdraw the Reference ("Withdraw Motion"), then the Court either maintain the previously set schedule and hearing date for Tavern's Summary Judgment Motion or, if unable to do so, allow the Bankruptcy Court to hear the motion.

This action arises from a dispute between Tavern and the City over the Mark "Tavern on the Green" ("Mark"), which is protected by Tavern's incontestable U.S. Trademark Registration No. 1,154,270, issued on May 12, 1981, and maintained on the Principal Register of the United States Patent and Trademark Office. Thus far the matter has been litigated in the Bankruptcy action, In re Tavern on the Green Limited Partnership, et al. ("Tavern Bankruptcy"), Case Nos. 09-15450 and 09-15448. In the Bankruptcy action, the City moved for "An Order to Modify the Automatic Stay for Cause ... to Permit the City to Continue to Use the Trade Name 'Tavern on the Green' at the Licensed Premises After the Expiration of the Debtor's License on 12/31/09"

---

[1] Proceeding number 1:09-cv-09224-MGC has been assigned to Your Honor and proceeding number 1:09-cv-09254-UA has been referred to Your Honor as possibly related to the 09224 action (collectively "Proceedings"). In the 09224 action, Tavern is the Defendant, and in the 09254 action, the Plaintiff. Conversely, in the 09224 action the City is the Plaintiff, and in the 09254 action the Defendant. We submit that both actions are related and both actions concern the ownership in the mark "Tavern on the Green" and thus should be consolidated.

(the "Lift Stay Motion"). When the City filed the Lift Stay Motion, it also moved for an expedited hearing schedule, claiming that it needed a quick decision on its rights, if any, in the Mark. The request to expedite was denied by The Honorable Allen L. Gropper, United States Bankruptcy Court, and the Lift Stay Motion is now scheduled to be heard on December 1, 2009, before Judge Gropper.

The relief sought by the Lift Stay Motion reveals that it is a thinly-disguised and inappropriate attempt by the City to obtain a mandatory preliminary injunction. The affirmative injunction would require Tavern to grant the City, and its new concessionaire, a license to the unfettered use of Tavern's Mark in connection with the operation of a restaurant during the pendency of the Tavern Bankruptcy. In essence, such a mandatory injunction would allow the City, and its new concessionaire, to trade on and benefit from Tavern's 30 years of sweat equity and to infringe on Tavern's Mark. At the same time, the requested relief would permanently diminish the value of Tavern's single most valuable asset in the bankruptcy - the TAVERN ON THE GREEN Mark - and would be almost certain to cause consumer confusion as to the source of the restaurant services being provided. Moreover, the City's motion does nothing towards furthering the ends of resolving the parties' dispute over rights in the Mark.

Tavern, seeking to resolve the dispute and prevent the harm described above, shortly thereafter filed a Summary Judgment Motion in the adversary proceedings (Case Nos. 09-01538 and 09-01540) almost exclusively on the basis of the City's pleadings, the parties' written concession agreements, and records of the United States Patent and Trademark Office. The undisputed and indisputable facts set forth in Tavern's motion, demonstrate that it has been exclusively using the Mark to provide restaurant services for 30 uninterrupted years. As discussed above, Tavern also has obtained an incontestable Federal Trademark Registration for use of the Mark for restaurant services, which the Patent and Trademark Office granted to Tavern back in 1981. The result of Tavern's 30 years of uninterrupted use and its obtaining incontestability for the Mark is that Tavern's ownership of the Mark cannot be challenged by the City (or anyone). As set forth more fully in Tavern's motion papers, the undisputed facts entitle Tavern to summary judgment in its dispute with the City over the Mark. Judge Gropper set Tavern's Summary Judgment Motion for argument on December 1st, the same date as argument on the City's Lift Stay Motion, and the parties have set a briefing schedule.[2]

In apparent response to Tavern's Summary Judgment Motion, the City filed the Motion for Withdrawal that is now before this Court. What the City failed to critically state in its Motion for Withdrawal, however, is the procedural status of the bankruptcy proceedings, the need for an expedited decision, and the fact that the Bankruptcy Court had already set a schedule on Tavern's Motion for Summary Judgment for a hearing on December 1, 2009 and intends to go forward with that Motion notwithstanding the Motion for Withdrawal.

Therefore, Tavern respectfully requests that if this Court accepts the withdrawal of the reference, it maintain the schedule that has already been set on Tavern's Summary Judgment Motion.

---

[2] The City's opposition is to be served on Tavern by noon on November 17, 2009 and Tavern's reply is to be served on the City by the close of business on November 23, 2009.

Tavern also requests that the City's Lift Stay Motion be held in abeyance until Tavern's motion is decided to prevent an inconsistent ruling by the Bankruptcy Court and this Court, to serve the ends of conserving Tavern's resources, to prevent the expenditure unnecessarily of Tavern's assets on fees and expenses in responding to what amounts to an inconclusive Lift Stay Motion, and to preserve the rights of Tavern and its creditors in the single most valuable asset in the bankruptcy proceeding – the Mark.

If for any reason this Court cannot adhere to the schedule on Tavern's Summary Judgment Motion, then we respectfully request that this Court not issue a decision on the Motion to Withdraw until such time as the Bankruptcy Court has rendered a decision on Tavern's Motion for Summary Judgment.

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

*David H. T. Kane/nc*

David H.T. Kane

Encls.

cc: Service List (attached)
    The Honorable Allen L. Gropper (by Hand)

SERVICE LIST

Gerald E. Singleton, Esq. (by ECF and Hand Delivery)
Attorney for the City of New York
100 Church Street, Room 20-093
New York, NY 10007


Gabriella P. Cacuci (by ECF and Hand Delivery)
Attorney for the City of New York
100 Church Street, Room 5-223
New York, NY 10007


Keith N. Costa, Esq.
Akerman Senterfitt
Attorneys for Tavern on the Green, L.P.
335 Madison Avenue
Suite 2600
New York, NY 10017-4636


Elizabeth J. Austin, Esq.
Pullman & Comley
Attorneys for LeRoy Adventures, Inc.
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006


Norman N. Kinel, Esq.
Duval & Stachenfeld
Attorneys for Creditors' Committee
101 Park Avenue, 11th Floor
New York, NY 10178