

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Gerald E. Singleton
Phone: (212) 788-0760
Fax: (212) 788-1633
E-mail: gsinglet@law.nyc.gov

November 13, 2009

BY HAND

Honorable Judge Miriam G. Cedarbaum
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:  Pending Motions to Withdraw Bankruptcy Reference
           09 Civ. 9224 (MGC) and 09 Civ. 9254 (MGC)
           In re Tavern on the Green L.P. *et ano* – BK Case No. 09-15450 (ALG)
           <u>Adversary Proceedings Nos. 09-01538 (ALG) and 09-01540 (ALG)</u>

Dear Judge Cedarbaum:

      We are writing in connection with the above-referenced motions to withdraw the bankruptcy reference with respect to two companion adversary proceedings involving a dispute over the ownership and validity of federal trademark registrations for the world famous restaurant and landmarked premises in Central Park known as "Tavern on the Green." The motions were filed with the Court last Friday, November 6, 2009. We are hereby requesting that the Court schedule an immediate pre-motion conference to discuss the City's proposed motion to stay all further proceedings before the Bankruptcy Court concerning the trademark dispute and the related adversary proceedings pending the hearing of the motions to withdraw the reference by this Court.

      In a nutshell, the City claims to be the senior user and exclusive owner of common law trademark rights in the trade name "Tavern on the Green", which has been used by the City and its licensees to identify the restaurant and premises at West 67th Street in Central Park since 1934. The current license held by the Debtors-Defendants, Tavern on the Green L.P. and LeRoy Adventures, Inc., will expire on December 31, 2009 and a new licensee has been selected to take over the operations. The Debtors claim that they, and not the City, are the exclusive owners of

The Honorable Miriam Goldman Cedarbaum
November 13, 2009

all rights to the name "Tavern on the Green" by reason of two federal trademark registrations which they obtained during the term of their license.

On October 21, 2009, the City commenced a non-core adversary proceeding against the Debtors (Adv. Pro. No. 09—1538 (ALG)) seeking, among other things, a declaratory judgment concerning the City's common law rights and an order cancelling the Debtors' otherwise incontestable federal trademark registration for restaurant services on the grounds that (i) the registration was obtained fraudulently; and (ii) it falsely suggests a connection with an institution, contrary to Section 2(a) of the Lanham Act, 15 U.S.C. § 1052. Within minutes of the City's electronic filing of the adversary proceeding, the Debtors commenced a separate adversary proceeding against the City, alleging core jurisdiction and seeking a declaration that they are the exclusive owners of all trademark rights in the name.

There is a motion pending in the Chapter 11 proceedings before the Bankruptcy Court (BK Case No. 09-01540 (ALG)), scheduled for a hearing on December 1, 2009, in which the City seeks a modification of the automatic stay, for cause pursuant to 11 U.S.C. § 362 (d)(1), to permit the City to continue using the trade name "Tavern on the Green" *pendente lite* (the "Stay Modification Motion"). Shortly after the City filed the Stay Modification Motion, the Debtors filed a motion for summary judgment dismissing all of the City's claims and granting summary judgment to the Debtors on all of their claims in the companion adversary proceedings (the "Summary Judgment Motion"). The City will be filing its opposition and a cross motion for summary judgment on Tuesday, November 17, 2000. Absent a stay, however, the Summary Judgment Motion will also be heard in the Bankruptcy Court on December 1, 2009.

We request that this Court exercise its inherent power to stay further proceedings in the Bankruptcy Court relating to Stay Modification Motion and the pending Summary Judgment Motion (other than briefing), pending the hearing in this Court on the City's motion to withdraw the reference. We believe that, in the interests of judicial efficiency, this Court should hear and determine the Stay Modification Motion and the Summary Judgment Motion instead of the Bankruptcy Court because of the complex nature of the issues presented, which makes this case appropriate for mandatory withdrawal of the reference. See In re McCrory Corp., 160 B.R. 502 (S.D.N.Y. 1993) (Judge Sweet) (holding that both mandatory and permissive withdrawal of reference were appropriate for trademark dispute). There are likely to be appeals on the pending motions requiring *de novo* review, as well as the likelihood of further motion practice, since the Debtors are threatening to hold over beyond the expiration of their license and the Debtors have announced plans to hire a firm to market the trademark rights.

These proceedings present complicated issues under the Lanham Act pertaining to the City's validly acquired rights under state common law as they relate to the Debtors' otherwise incontestable registration for restaurant services. Among the issues to be decided are whether the Debtors fraudulently obtained the federal registration by failing to disclose their status as a licensee and by falsely claiming that no other person had an interest in the name; whether the Debtors' temporary closure of the restaurant for renovations at the beginning of the license period constituted an abandonment of trademark rights by the City, so as to start the clock running anew and allow the Debtors to acquire exclusive common law rights adverse to the City

2

The Honorable Miriam Goldman Cedarbaum
November 13, 2009

while they were licensees of the City; whether the Debtors' use of the mark apart from the licensed premises and after the expiration of the license will falsely suggest a connection with an institution contrary to Section 2(a) of the Lanham Act; whether the City was required to take action during the term of the license, while use of the trademark was authorized under the license, to avoid a claim of laches; whether objection letters sent by the City to the Debtors in 2006 were sufficient to preserve the City's rights to contest a later federal trademark registration issued to the Debtors for salad dressings; whether the license agreement between the parties precludes the Debtors from challenging the City's common law rights under the licensee-estoppel doctrine; whether the license agreement between the parties contained adequate quality control provisions; and, finally, whether the Debtors' attempt to market and sell trademark rights as a separate asset in the Chapter 11 proceedings will infringe upon the City's rights and constitute a naked license.

Under the circumstances, we respectfully submit that a stay of proceedings in connection with the pending Stay Modification Motion and the pending Summary Judgment Motion is appropriate.

Respectfully submitted,

Gerald E. Singleton

cc: Honorable Judge Gropper (By Hand)
David H. T. Kane, Esq. (via email)
Keith Costa, Esq. (via email)
Norman N. Kinel, Esq. (via email)