**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11
:
    TAVERN ON THE GREEN : Case No. 09-15450 (ALG)
    LIMITED PARTNERSHIP et al., : Case No. 09-15448 (ALG)
: (Jointly Administered)
                    Debtors. :
:
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' AMENDED MOTION TO AUTHORIZE SALE
BETWEEN TAVERN ON THE GREEN L.P. AND LEROY ADVENTURES, INC. AS
SELLERS AND P&N BAKERY LLC AS PURCHASER
PURSUANT TO SECTION 363 OF THE CODE**

      This matter is before the Court on the amended motion (the "Motion") dated December 16, 2009 of Tavern On The Green Limited Partnership ("TOTG") and Leroy Adventures, Inc. ("Leroy") (collectively "Debtors"), as debtors and debtors-in-possession, pursuant to Section 363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 6006, 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale of the Debtors' warehouse, under the pre-petition contract of sale, as amended, for the the property located at 38-40, 38-66, and 38-68 10th Street, Long Island City, New York 11101 (the "Warehouse") dated December 16, 2009 ("Contract" or "Warehouse Sale Contract") between the Debtors and P&N Bakery LLC ("P&N" or "Buyer"); and all interested parties having been afforded due and sufficient notice and an opportunity to be heard with respect to the Motion and all relief related thereto; and this Court having reviewed and considered (a) the Motion, (b) the objections thereto, if any, and (c) the arguments of counsel

made and the evidence proffered or adduced at the Sale Hearing held before this Court on December 17, 2009; and after due deliberation thereon and sufficient cause for the relief granted in this Order having been established; it hereby

**ORDERED** that the Motion is granted under Section 363, in its entirety; and it is further

**ORDERED** that the Warehouse Sale Contract, any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment or supplement shall (a) first be provided to counsel for the Official Committee of Unsecured Creditors appointed in these cases (the "Committee") for review, (b) shall have no material adverse effect on the Debtors' chapter 11 estates, their creditors or parties in interest, and (c) shall be consistent with the terms of this Order; and it is further

**ORDERED** that this Court retains exclusive jurisdiction to enforce and implement the terms and provisions of the Contract and all amendments thereto authorized by this Order; and it is further

**ORDERED** that the amounts to be paid or credited under the Contract shall substantially conform to the attached Closing Statement; and it is further

**ORDERED** that all amounts due to the City of New York for unpaid real estate taxes, water and sewer charges and real property transfer taxes in connection with the Warehouse (and not in connection with any other property of the Debtors) shall be paid at closing with statutory interest, if any, thereon through the closing date; and it is further

**ORDERED** that the claims asserted by the PACA creditors Peter's Fruit Co., Inc. and Arrow Produce, a Division of Krystal Fruits and Vegetables shall be held back in escrow by

TDBank, N.A in the amount of $175,000, pending further order of this Court and a reservation of rights by all parties in interest; and it is further

**ORDERED** that the real estate brokers' commission claims of CB Richard Ellis, Inc. and City One Real Estate LLC ("Brokers") shall be held back in escrow by TDBank, N.A. in the amount of $175,000, pending further order of this Court (a) without prejudice to the rights of the Debtors, the Committee or any other party in interest to object to the validity or payment of any such commission, and (b) without prejudice to and upon the reservation of all legal and equitable rights and remedies by the Brokers; and it is further

**ORDERED** that the $50,000 escrow amount under the Contract for any damages due to the Buyer pending the Debtors vacating the warehouse premises by February 1, 2010 shall be held back in escrow by TDBank, N.A. pursuant to the terms of an escrow agreement mutually agreed to between the Purchaser, the Debtors and TD Bank, N.A., and it is further

**ORDERED** that upon the closing all net proceeds as reflected by the attached Closing Statement shall be delivered directly to TDBank, N.A. and, other than the amounts to be escrowed pursuant to the terms of this Order, shall be applied by TDBank, N.A. to the outstanding obligations of the Debtors to TDBank, N.A. to the extent permitted by and pursuant to the terms of that certain Debtor-In-Possession Loan and Security Agreement dated as of November 2, 2009, and such proceeds shall be free and clear of all liens, claims and encumbrances; and it is further

**ORDERED** that the Buyer is a good faith purchaser entitled to the protections afforded a purchaser pursuant to 11 U.S.C. § 363(m); and it is further

**ORDERED** that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or otherwise, the terms and conditions of this Order shall be immediately effective and fully enforceable upon its entry.

Dated: New York, New York
      December 23, 2009            _/s/ Allan L. Gropper_
                                                   HONORABLE ALLAN L. GROPPER
                                                   UNITED STATES BANKRUPTCY JUDGE