UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                        :

In re                                                   :      Chapter 11

    TAVERN ON THE GREEN                :      Case No. 09-15450 (ALG)
    LIMITED PARTNERSHIP et al.,           :      Case No. 09-15448 (ALG)
                                                     :      (Jointly Administered)
                                Debtors.  :
                                                     :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION TO AUTHORIZE AUCTION SALE BY TAVERN ON THE GREEN L.P. AND LEROY ADVENTURES, INC. AS SELLERS TO VARIOUS PURCHASERS PURSUANT TO SECTION 363 OF THE CODE

This matter is before the Court on the motion brought by Order To Show Cause for shortened notice and expedited hearing (the "Motion") dated December 22, 2009 of Tavern On The Green Limited Partnership ("TOTG") and Leroy Adventures, Inc. ("Leroy") (collectively "Debtors"), as debtors and debtors-in-possession, pursuant to Sections 105 and 363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2002(a)(2), 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale of the Debtors' fine arts and all other items used in the operation of the Tavern on the Green restaurant business ("Assets") by auction in accordance with Exhibits "A," "B" and "C" to be conducted at Debtors' restaurant premises in Central Park at West 67th Street on January 13-15, 2010 ( the "Sale") by Debtors' court-approved auctioneer Guernsey's ("Auctioneer"); and all interested parties having been afforded due and sufficient notice and an opportunity to be heard with respect to the Motion and all relief related thereto; and this Court having reviewed and considered (a) the Motion, (b) Objection of the New York City Department of Parks to Auction

Certain Fixed Equipment Not Owned By the Debtors filed December 29, 2009 (the "City's Objection") and (c) the arguments of counsel made at the Sale Hearing held before this Court on December 30, 2009; and **upon the representation that the parties who appeared at said Sale Hearing have consented to the form of this Order; and** after due deliberation thereon and sufficient cause having been shown for the relief set forth in this Order having been established;

THE COURT HEREBY FINDS AND DETERMINES THAT:[1]

A. **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these chapter 11 cases (the "Cases") and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

C. **Final Order**. Except with respect to the Ownership Dispute (as defined herein), this order is intended to be a final order within the meaning of 28 U.S.C. § 158(a).

D. **Opportunity to Object**. A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Motion and the relief requested therein has been given to all interested persons and entities.

E. **Corporate Authority**. The Debtors (i) have all of the corporate power and authority necessary to consummate the transactions contemplated hereby, and (ii) have taken, or

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact to the fullest extent of the law

{NY088786;1}

will take, all corporate action necessary to authorize the consummation of the transactions contemplated thereby.

F.  **Sale in the Best Interests of the Debtors' Estates and Creditors**.  Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

G.  **Business Justification**.  The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization in that, among other things, the immediate approval by this Court of the Sale is necessary and appropriate to maximize the value of the Debtors' estates.  The Sale does not constitute a de facto plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as the Sale does not and will not: (a) impair or restructure existing debt of, or equity interests in, the Debtors; (b) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (c) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (d) classify Claims or equity interests, compromise controversies or extend debt maturities. Given all the circumstances, the Sale constitute a reasonable and sound exercise of the Debtors' business judgment and should be approved.

H.  **Satisfaction of 363(f) Standards**.  Except as otherwise provided herein, the Auctioneer on behalf of the Debtors may sell and transfer the Assets, and any purchaser at the Sale (each a "Purchaser") shall purchase such Assets, free and clear of any lien, claim and encumbrance with any such lien, claim and encumbrance attaching to the proceeds of sale with

3

the same order of priority and subject to the same defenses as such lien, claim and encumbrance had prior to the sale.

I. **Compelling Circumstances for an Immediate Sale**: Good and sufficient reasons for approval of the Sale have been articulated. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. The Debtors have demonstrated sufficient and sound business justifications and compelling circumstances for the Sale outside of a plan of reorganization and the immediate Sale of the Assets are necessary and appropriate to maximize the value of the Assets for the benefit of the Debtors, their estates and creditors. To maximize the value of the Assets, the Sale must be consummated within the time set forth in the Motion.

NOW, THEREFORE, IT IS HEREBY:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Auctioneer's summary page (annexed to the Motion as Exhibit "A"), the Auctioneer's Standard/Special Terms & Conditions (annexed to the Motion as Exhibit "B"), and the Bidder Agreement Form/Absentee Bid Form (annexed to the Motion as Exhibit "C") are hereby approved and may all be used by the Debtors and Auctioneer in connection with the Sale; and it is further

**ORDERED** that upon the Sale, the Assets, shall be free and clear of all liens, claims and encumbrances, with any such lien, claim and encumbrance attaching to the proceeds of sale with the same order of priority and subject to the same defenses as such lien, claim and encumbrance had prior to the Sale; and it is further

**ORDERED** that this Court will conduct an evidentiary hearing on January 11, 2010 at 11:00 a.m. in order to hear and determine that portion of the objection to the Motion filed by the

City of New York (the "City") on December 29, 2009 (the "City's Objection"), wherein the City has claimed ownership (the "Ownership Dispute") to those items listed on Exhibit "C" to the City's Objection (the "Disputed Items"); any party and interest shall have until January 7, 2010 at 12 Noon to file papers in response to the City's Objection and any further response by the City shall be filed by January 8, 2010 at 5:00 p.m.; and it is further

**ORDERED** that in the event the Ownership Dispute has not been resolved pursuant to an order of this Court prior to the Sale, the Auctioneer may nevertheless solicit bids at the Auction for the Disputed Items, provided that any Purchaser of a Disputed Item is first advised that the closing upon any Disputed Item must first be confirmed by a separate order of the Court in connection with the resolution of the Ownership Dispute; and it is further

**ORDERED** that to the extent the Ownership Dispute is not resolved by an order of the Court on or before the February 14, 2010 surrender date pursuant to the Stipulation, Agreement and Order of this Court dated November 24, 2009 ("Holdover Stipulation"), the Disputed Items may remain on the Premises (as defined in the Holdover Stipulation) without being deemed abandoned to the City as heretofore contemplated by paragraph 3 of the Holdover Stipulation, subject to further order of the Court; and it is further

**ORDERED** that the Debtors may seek, only if necessary and upon further ex parte motion without any additional notice, a determination by this Court that each Purchaser is a good faith purchaser entitled to the protections afforded a purchaser pursuant to 11 U.S.C. § 363(m), except with respect to the Disputed Items in the event the Court has not yet made a determination as to their ownership; and it is further

**ORDERED** that upon the receipt by the Debtors from the Auctioneer of any proceeds of the Sale, net of any amounts due to the Auctioneer under the terms of its retention application

5

dated November 11, 2009 ("Retention Application"), the Debtors shall promptly deliver to TDBank, N.A. the net sale proceeds to the extent required pursuant to both that certain Debtor-In-Possession Loan and Security Agreement dated as of November 2, 2009 (as amended, the "DIP Loan") and Debtor-In-Posesion Loan Order ("DIP Order"), unless otherwise consented to in writing by TDBank; and it is further

**ORDERED** that the Debtors shall provide by electronic mail to the City, the Committee, TDBank, N.A., Equityholders, and the U.S. Trustee's Office ~~with~~ any reconciliation of the Sale proceeds as received by the Debtors from the Auctioneer pursuant to the Retention Application; and it is further

**ORDERED** that the Auctioneer will follow the sale procedures as outlined in its Retention Application as follows:

(a.) Auctioneer shall conduct a sale in accordance with the guidelines set forth in the Local Rules;

(b.) Auctioneer will take reasonable and customary steps to advertise the Asset Sale in a manner designed to attract qualified purchasers in accordance with Local Rule 6004-1(h), and will conduct the sale in a business-like manner. Auctioneer shall set all operational policies and procedures for the sale;

(c.) For its services, Auctioneer will receive and retain from the proceeds of the sale a commission for the Debtors in an amount equal to thirteen percent (13%) on each lot sold (the "Commission"). Auctioneer will collect an additional premium from the buyer(s) which in no way affects the amount due to Debtors after deducting said commission;

(d.) The Debtors shall be responsible for reporting and remitting all sales and similar taxes, if any, with respect to the sale of the assets. Within fifteen (15) days after the completion of the sale, Auctioneer shall provide the Debtors with records detailing the purchase price of each item, including copies of written receipts for all sales;

(e.) All Proceeds from the sale and the Buyer's Premium shall be deposited into accounts controlled by Auctioneer as required by Local Rule 6004-1(e). Auctioneer shall be required to provide the Debtors with weekly reconciliation of all proceeds received. Auctioneer and the Debtors shall reconcile and settle all proceeds from the sale of the Assets and within such weekly period. Auctioneer

shall deduct its Commission from the Proceeds and shall remit to the Debtors, in immediately available funds, all amounts due to the Debtors under this Agreement;

(f.) Not later than thirty-five (35) days after the Sale, Auctioneer will mail the Debtors any remaining proceeds (gross proceeds less the Commission and buyer's premium) from the sale of the property, provided that Auctioneer has received and collected payment in full from the buyer, unless the buyer has notified ~~us~~ **Auctioneer** of intention to rescind the sale or ~~we have~~ **Auctioneer has** received notice of any other claims which would bear upon the validity of the sale, or for any reason refunded such proceeds to the buyer prior to the expiration of such thirty five days;

(g.) Auctioneer shall file an application seeking allowance of its portion of the Buyer's Premium and Commission under section 330 of the Code;

(h) All purchasers of Assets shall be required to pay applicable sales and similar taxes on the Assets which sales taxes shall be deposited into the account(s) established and promptly remitted to the Debtors within fifteen (15) days following the conclusion of the sale. All purchasers of Assets shall be required to pay for the Assets by wire transfer of immediately available funds, credit cards, or by certified or bank check. Purchasers remitting payment by credit card will be subject to all credit card fees charged to the Debtors or Auctioneer. No Assets shall be delivered to, or picked up by, any purchaser until such payment has been received;

(i.) The Assets shall be sold to purchasers on an "AS IS, WHERE IS, WITH ALL FAULTS" basis. Auctioneer will issue written receipts to each purchaser showing in reasonable detail the asset(s) purchased and the price paid, including the amount of sales tax paid. Copies of all receipts will be provided to the Debtors within ten (10) days of the conclusion of the Sale; and

(j.) Auctioneer shall be solely responsible for reporting the results of the Sale as required by Local Rule 6004-1.

**ORDERED** that notwithstanding the provisions of Bankruptcy Rules 6004 and 6006 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry; and it is further

7

**ORDERED** that this Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order.

Dated: New York, New York
      December 31, 2009

*/s/ Allan L. Gropper*
HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE