UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Tavern On The Green Limited Partnership, ) | Case No. 09-15450 |
| LeRoy Adventures, Inc. ) | Case No. 09-15448 |
| ) | |
| Debtors. ) | (Jointly Administered) |

### KAY LEROY'S LIMITED OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Kay LeRoy ("LeRoy"), a party in interest and creditor herein, by and through their undersigned counsel submit this their Limited Objection to the Motion of the Official Committee of Unsecured Creditors of Tavern On The Green Limited Partnership, et al, (the "Committee") for an order converting the Debtors' Chapter 11 case to cases under Chapter 7 of the Bankruptcy Code (the "Motion to Convert") and respectfully state as follows:

1. LeRoy holds an unsecured claim against the Debtors' estates in the amount of $1,771,644.95. LeRoy holds one of the largest unsecured claims, if not the largest.

2. The Debtors most significant asset, the "TAVERN ON THE GREEN" trademark/service mark (the "Tavern Mark") is the subject of cross motions for summary judgment (the "Summary Judgment Motions") wherein the City of New York (the "City") is disputing the Debtors of the Tavern Mark. Both parties are seeking declaratory relief as to the ownership dispute. The matter, which is pending before the Honorable Miriam

Goldman Cedarbaum in the District Court for the Southern District of New York (the "District Court") has been fully briefed and argued with all submissions being completed since January 13, 2010. The parties are merely awaiting the decision of Judge Cedarbaum which is expected any day.

3. A favorable decision declaring the Debtors to be the rightful owner of the Tavern Mark will clear the cloud of ownership placed on the Tavern Mark by the City and the asset once monetized will likely be sufficient to not only pay all administrative claims but yield a distribution to unsecured creditors.

4. While awaiting the decision of Judge Cedarbaum, the parties have been engaged in negotiations with the City and while some progress has been made, the settlement has not yet been reached. Moreover, on information and belief, a conversion of the case to a Chapter 7 at this time will likely devalue the Tavern Mark.

5. Additionally, the Debtors have other assets which are available to pay administrative expenses and unsecured claims which includes, among other things, a potential preference claim against New York Hotel Trades Council and Hotel Association of New York City, Inc. ("NYHTC/HANYC") for payments received by NYHTC/HANYC in the approximate amount of $390,000. NYHTC/HANYC is a member of and the chair of the committee. Another member of the Committee, Kirby Distributors, received in excess of $250,000 in payments during the 90-day preference period. AFI Food Service also a member of the Committee received in excess of $230,000 of payments during the 90-day preference period and Committee member OPICI Wine Company of New York received

close to $100,000 in payments during the 90-day preference period. In total in excess of $3 million were paid by the Debtors during the 90-day preference period. Further there is a $900,000 loan receivable due from Mark Bellsimo.

6. LeRoy respectfully submits that a decision on the Motion to Convert should be held in abeyance pending either a decision by Judge Cedarbaum or an opportunity to complete settlement negotiations with the City as that will be the determining factor as to whether this estate is administratively insolvent.

7. LeRoy submits that this result in no harm to the estate as there are very few tasks other than finalizing and documenting a settlement with the City, which will need to be completed if the conversion motion is held in abeyance for a short period of time in order to allow either completion of the settlement with the City or a ruling by Judge Cedarbaum.

WHEREFORE, LeRoy respectfully requests that this Court not rule on the Motion to Convert pending a decision by Judge Cedarbaum or in the alternative a settlement with the City of New York for such other and further relief as the LeRoy may show to herself be justly entitled.

RESPECTFULLY SUBMITTED,

By: /s/ Elizabeth J. Austin
Elizabeth J. Austin (EA4151)
Pullman & Comley, LLC
850 Main Street, P. O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000 Fax: 203-576-8888
eaustin@pullcom.com

ACTIVE/73039.1/EA/2046461v1