Norman N. Kinel
**DUVAL & STACHENFELD LLP**
101 Park Avenue, 11th Floor
New York, NY 10178
Telephone: (212) 883-1700
Facsimile: (212) 883-8883
Email: nkinel@dsllp.com

*Counsel for Official Committee of Unsecured Creditors*
*of Tavern on the Green Limited Partnership, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **TAVERN ON THE GREEN** | ) | **Case No. 09-15450 (ALG)** |
| **LIMITED PARTNERSHIP, et al.,** | ) | **Case No. 09-15448 (ALG)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

------------------------------------------------------------------------x

**NOTICE OF SETTLEMENT OF ORDER CONVERTING**
**THE DEBTORS' CHAPTER 11 CASES TO**
**CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, pursuant to the Court's ruling at a hearing held on

March 4, 2010 granting the "Motion of the Official Committee of Unsecured Creditors of Tavern

on the Green Limited Partnership, et al. for an Order Converting the Debtors' Chapter 11 Cases

to Cases Under Chapter 7 of the Bankruptcy Code" (the "Conversion Motion") [Docket No.

173], the Official Committee of Unsecured Creditors in the above-referenced debtors' cases (the

"Committee") hereby provides notice of settlement of an order (the "Conversion Order")

granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that, the Conversion Order, a copy of which is

attached hereto, will be presented for signature to the Honorable Allan L. Gropper, United States

Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court, Southern District of

New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408 on March 10, 2010 at 12:00 noon.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the form of the Conversion Order shall (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court for the Southern District of New York, (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, (iv) be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format, and (v) be served on: (A) the Chambers of the Honorable Allan L. Gropper, United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; and (B) Duval & Stachenfeld LLP, 101 Park Avenue, 11th Floor, New York, NY 10178, Attn: Norman N. Kinel, Esq., counsel for the Committee; so as to be actually received no later than March 9, 2010 at 11:30 a.m. ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections to the form of the

Conversion Order are timely filed and served as set forth above by the Objection Deadline, the

Court may enter the Conversion Order with no further notice or opportunity to be heard by any

party in interest.

Dated: New York, New York
      March 5, 2010

**DUVAL & STACHENFELD LLP**

By:    <u>/s/Norman N. Kinel</u>
        Norman N. Kinel
        101 Park Avenue, 11th Floor
        New York, New York 10178
        Telephone:   (212) 883-1700
        Facsimile:    (212) 883-8883
        Email:        nkinel@dsllp.com

*Counsel for Official Committee of Unsecured*
*Creditors of Tavern on the Green Limited*
*Partnership, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                )
In re:                                          )        **Chapter 11**
                                                )
**TAVERN ON THE GREEN**                         )        **Case No. 09-15450 (ALG)**
**LIMITED PARTNERSHIP, et al.,**                )        **Case No. 09-15448 (ALG)**
                                                )
                            **Debtors.**        )        **(Jointly Administered)**
                                                )
------------------------------------------------------------------------x

### ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO
### <u>CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE</u>

Upon the motion (the "Motion") dated February 22, 2010, of the Official Committee of

Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 cases of

Tavern on the Green Limited Partnership and LeRoy Adventures, Inc., as debtors and debtors in

possession (collectively, the "Debtors") for an order converting the Debtors' jointly administered

Chapter 11 cases to cases under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§

101-1532 (the "Bankruptcy Code"); and this Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided by the Committee and no

other or further notice of the Motion being needed; and this Court having considered (i) the

objection to the Motion filed by The City of New York (the "City's Objection") [Docket No.

186] and (ii) the limited objection to the Motion filed by Kay LeRoy (the "LeRoy Objection,"

and together with the City's Objection, the "Objections") [Docket No. 187], each filed on March

3, 2010; and this Court having also considered the response of the Committee to the Objections filed on March 3, 2010 [Docket No. 192]; and this Court having held a hearing on the Motion on March 4, 2010 (the "Hearing"); and all parties in interest present at the Hearing having had a full opportunity to be heard; and this Court having overruled the Objections as well as the oral objection made by the Debtors to the Motion at the Hearing; and this Court having found and determined at the hearing that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish due and just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Debtors' jointly administered Chapter 11 cases shall be converted to cases under Chapter 7 of the Bankruptcy Code pursuant to section 1112(b) of the Bankruptcy Code, effective as of the date hereof (the "Conversion Date"); and it is further

**ORDERED**, that the Debtors shall account for and turn over to the Chapter 7 trustee all records and property of the estates under their custody and control as required by Fed. R. Bankr. P. 1019(4), on, or as soon as practicable after, the Conversion Date; and it is further

**ORDERED**, that the Debtors shall file a schedule of all unpaid debts incurred after the commencement of these Chapter 11 cases and before the Conversion Date, including the names and addresses of all creditors, as required by Fed. R. Bankr. P. 1019(5), within fifteen (15) days after the Conversion Date; and it is further

**ORDERED**, that the Debtors shall file a final report and account, as required by Fed. R. Bankr. P. 1019(5), within thirty (30) days after the Conversion Date; and it is further

**ORDERED**, that the Chapter 7 trustee shall in the exercise of his or her fiduciary duties

take into account the costs already incurred by the Debtors' estates in evaluating the Debtors' assets and prosecuting various litigation on the estates' behalf, as well as the familiarity of the estate-retained professionals with such claims, when making his or her choice of professionals to be retained; and it is further

**ORDERED**, that counsel for the Committee shall promptly ensure that notice of the conversion of these cases is provided to (i) the United States Trustee for the Southern District of New York, (ii) Akerman Senterfitt LLP, counsel for the Debtors, (iii) Reed Smith LLP, counsel to TD Bank, the Debtors' secured creditor, (iv) counsel for the City of New York, and (v) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rules 2002 and 9010(b), and that such notice shall be adequate; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any and all matters relating to or arising from the interpretation, implementation or enforcement of this Order.


Dated: New York, New York
        March ___, 2010


                                        _____
                                        HONORABLE ALLAN L. GROPPER
                                        UNITED STATES BANKRUPTCY JUDGE